IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:20-CR-3103 |
| vs. | |
| ROBERT EARL PARTEE, II, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the revised presentence investigation report in this case. There are no objections to the presentence report. The defendant has filed a motion for downward departure. Filing 51.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c)    impose upon the United States the burden of proof on all Guidelines enhancements;

    (d)    impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e)    depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.    There are no objections that require resolution at sentencing. The defendant has moved for a downward departure pursuant to U.S.S.G. §§ 5G1.3(b) and 5K2.23. Filing 51.

Section 5G1.3(b) provides that if a term of imprisonment resulted an offense that's relevant conduct to the offense of conviction, the sentence for the offense of conviction should be adjusted for time already served and run concurrently with the remainder of the undischarged term. Section 5K2.23 provides for a downward departure if the defendant *would* have benefitted from § 5G1.2(b) except for already completing the previous term of imprisonment.

The defendant here was sentenced in state court to 365 days' imprisonment for an offense that is, in the presentence report, regarded

as relevant conduct to the offense of conviction. He served either 283 or 298 days on that sentence before it was discharged.[1] *See* filing 51.

The defendant certainly fits the criteria for §§ 5G1.3(b) and 5K2.23. And the government agrees. *See* filing 52. Accordingly, the Court tentatively finds that the defendant's motion for departure should be granted, and will do so at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

---

[1] The Court notes, as did the defendant, that according to the defendant's evidence he was released from state custody on February 11, but that the presentence report says he entered federal custody on February 26. *See* filing 51 at 2. That leaves 15 days unaccounted for during which the defendant was certainly in someone's custody. Whether that should be considered state custody (making those days a basis for departure) or federal custody (making those days a basis for time served) will be taken up at sentencing.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 19th day of July, 2021.

                                            BY THE COURT:

                                            _____
                                            John M. Gerrard
                                            United States District Judge